UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                              CRIMINAL ACTION NO. 5:07cr17-DCB-JCS-009

CHRISTOPHER SHAUN WALKER                                            DEFENDANT

### ORDER

This cause is before the Court on the defendant's pro se Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) [docket entry no. 193], wherein the defendant requests a reduction of his sentence pursuant to the recent amendments to the sentencing guidelines applicable to offenses involving cocaine base and the subsequent decision by the United States Sentencing Commission to make this amendment retroactive. Having carefully considered the motion, the government's response thereto, information provided by the United States Probation Office, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On October 1, 2007, the defendant entered a plea of guilty to one count of possessing with the intent to distribute cocaine base, i.e., crack cocaine. The original sentence imposed was 60 months imprisonment, 48 months supervised release, a $1,500.00 fine and a $100.00 special assessment. The defendant had a base offense level of 24. A three-level reduction was granted for acceptance of responsibility, resulting in a total offense level of 21. He was

in a criminal history category of II.  The applicable guideline range for a total offense level of 21 and a criminal history category of II was 41 to 51 months.  However, Walker was convicted of possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1), which carries a statutory minimum term of 60 months imprisonment.  Therefore, Walker was sentenced to 60 months imprisonment.

Walker now moves for a reduction of his sentence pursuant to Amendment 706 to the Sentencing Guidelines, which lowers the base offense levels applicable to crack cocaine offenses.  Amendment 706 went into effect on November 1, 2007.  The United States Sentencing Commission determined that Amendment 706 would apply retroactively through United States Sentencing Guidelines Manual § 1B1.10, effective on March 3, 2008.  The result of the amendment and its retroactivity is that this Court, pursuant to 18 U.S.C. § 3582(c)(2), has the discretion to reduce the terms of a defendant's imprisonment when certain criteria are met.

The Court's authority under 18 U.S.C. § 3582(c)(2) extends to situations where the sentencing range on which the defendant's sentence was based has subsequently been reduced by an amendment to the guidelines.  United States v. Reynolds, 2008 WL 2415048 (S.D. Miss. 2008) (citing United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997)).  A reduction is appropriate, however, only where the reduction is consistent with the policy statements issued by the

United States Sentencing Commission ("Sentencing Commission"). <u>Id</u>.

The Sentencing Commission mandated in a recent policy statement:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... [the crack cocaine sentence reduction amendment] does not have the effect of lowering the defendant's applicable guideline range.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.10.  Stated differently, if the crack sentence reduction amendment has no effect on the original guideline range, the Court is without authority to reduce the defendant's sentence.

As noted earlier, the offense for which Walker was convicted carried a statutorily-mandated minimum sentence of 60 months imprisonment.  "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."  U.S. SENTENCING GUIDELINES MANUAL § 5G1.1.  Accordingly, Walker's guideline sentence has at all times been 60 months imprisonment.  The crack sentence reduction amendment has no bearing on the fact that there is a statutory minimum of 60 months imprisonment.

Furthermore, since Amendment 706 went into effect on November 1, 2007, and the defendant was not sentenced until January 8, 2008, the new guidelines--to whatever extent applicable to his case--have already been taken into consideration.  Thus, the defendant's request for a sentence reduction is without merit.

## III. CONCLUSION AND ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the defendant's Motion for Reduction of Sentence [docket entry no. 193] is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant Christopher S. Walker's sentence remain at a term of 60 months.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain unchanged and in full force and effect.

**SO ORDERED**, this the 30th day of March 2009.

                                         s/ David Bramlette
                                         **UNITED STATES DISTRICT JUDGE**